**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Nina Avakian,

    Petitioner,

v.

John E Cantu, et al.,

    Respondents.

No. CV-26-00104-PHX-SHD

**ORDER**

Pending before the Court is Petitioner Nina Avakian's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be granted and that the Court order that Petitioner be given a bond hearing before a neutral adjudicator within seven days, with the government bearing the burden of proving, by clear and convincing evidence, that Petitioner would likely flee or pose a danger to the community if released. (Doc. 17 at 25.) Respondents objected to the R&R, and Petitioner replied. (Docs. 18, 19). For the reasons set forth below, the Court will overrule Respondents' objections, adopt the R&R, and **grant** the Petition.

## I.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The R&R discusses the procedural and factual background of this case in detail. (Doc. 17 at 1–14.)[1] The facts and procedural history pertinent to Respondents' objections to the R&R are summarized as follows. Petitioner was born in Baku, Azerbaijan, in

---

[1] Respondents do not object to these factual and procedural portions of the R&R. (*See generally* Doc. 18.)

1958, and entered the United States at the Calexico Port of Entry on December 16, 2024, with her husband and other family members. (*Id.* at 1.) Since entering the United States over fifteen months ago, Petitioner has been continuously detained by the Department of Homeland Security during her removal proceedings. (*Id.* at 1.) In those proceedings, an immigration judge ("IJ") determined that Petitioner was inadmissible and "directed Russia as the country of removal, with Azerbaijan designated as the alternate country." (*Id.* at 2 (quoting Doc. 4-3 at 1–2).) Petitioner then applied for asylum and withholding of removal under the Immigration and Nationality Act, and for protection under Article III of the United Nations Convention Against Torture ("CAT"). (Doc. 17 at 2–3.) In December 2025, an IJ denied Petitioner's application for asylum, granted her withholding of removal based on her objectively reasonable fear of future persecution if removed to Russia or Azerbaijan, and held in abeyance her request for protection under the CAT. (*Id.* at 3–12.) Petitioner then appealed the IJ's decision in part, challenging the denial of her asylum claim. (*Id.* at 13.) Her counsel requested that she be released from detention on an order of supervision while her removal proceedings continue, but Respondents denied her request. (*Id.*)

On January 8, 2026, Petitioner filed the Petition under 28 U.S.C. § 2241, challenging her detention without a bond hearing as unconstitutional under the Fifth Amendment's Due Process Clause. (*Id.* at 13–15.) Among other things, she requests an individualized custody hearing at which Respondents bear the burden of proof to justify her continued detention by clear and convincing evidence. (Doc. 4 at ¶¶ 25, 34.) After Respondents responded to the Petition (Doc. 10), and Petitioner replied (Doc. 14), the Magistrate Judge issued the R&R (Doc. 17). The Magistrate Judge recommended that the Petition be granted and "the Court order that within seven (7) days of the date her petition is granted [Petitioner] be given a bond hearing before a neutral adjudicator at which hearing the government must bear the burden of showing [by clear and convincing evidence] that Petitioner should not be released on bond because she is a flight risk or a danger to the community." (Doc. 17 at 25–26.) Respondents timely objected (Doc. 18),

and Petitioner replied (Doc. 19.)

## II.    DISCUSSION

District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  A party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *See Thomas v. Arn*, 474 U.S. 140, 149 (1985.)  A magistrate judge's findings and recommendations must be reviewed "*de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Thus, de novo review is required only of the portions of a magistrate judge's "recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009).

Respondents object to the R&R for two reasons.  First, they argue that Petitioner is not entitled to a bond hearing because 8 U.S.C. § 1225(b)(2) mandates that Petitioner—a noncitizen applying for admission to the United States—be detained during her removal proceedings.  (Doc. 18 at 2.)  Second, they argue that even if the Court orders a bond hearing, it cannot place the burden of proof on Respondents to establish, by clear and convincing evidence, that Petitioner is a flight risk or poses a danger to the community. (*Id.* at 2–3.)  The Court addresses each argument in turn.

### A.    Bond Hearing

In the R&R, the Magistrate Judge engaged in a thorough analysis of Petitioner's claim that her prolonged detention under § 1225(b), without a bond hearing, violates her right to due process.  (Doc. 17 at 15–25.)  Respondents ignore this constitutional analysis and, instead, cite *Jennings v. Rodriguez*, 583 U.S. 281 (2018), for the proposition that an arriving noncitizen applying for admission to the United States "may be detained through the completion of their removal proceedings without bond."  (Doc. 18 at 2.)

But that is not what the Supreme Court held in *Jennings*.  Rather, the Supreme Court engaged in a statutory analysis of § 1225(b) without considering whether, and

under what circumstances, denial of a bond hearing under § 1225(b) could violate the Due Process Clause.   583 U.S. at 297–303.   Indeed, the Supreme Court expressly declined to reach the constitutional question, instructing the Ninth Circuit to consider it on remand:

> Because the Court of Appeals erroneously concluded that periodic bond hearings are required under the immigration provisions at issue here, it had no occasion to consider respondents' constitutional arguments on their merits.   Consistent with our role as "a court of review, not of first view," *Cutter v. Wilkinson*, 544 U.S. 709, 718, n. 7, (2005), *we do not reach those arguments. Instead, we remand the case to the Court of Appeals to consider them in the first instance.*

*Jennings*, 583 U.S. at 312 (emphasis added).

Because Respondents misconstrue *Jennings* and do not challenge—or even address—the constitutional analysis set forth in the R&R, their first objection will be overruled.

**B.    Burden of Proof**

In their response to the Petition, Respondents did not challenge, or substantively address, Petitioner's argument that they should bear the burden of proof in any bond hearing ordered by the Court.   (*See generally* Doc. 10.)   Only after the Magistrate Judge recommended granting Petitioner's requested relief, including that Respondents bear the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger to the community, did Respondents argue that the burden of proof cannot be placed upon them.   (Doc. 18 at 2–3.)

A district court may exercise its discretion to disregard an argument raised for the first time in an objection to a report and recommendation.   *See Akhtar v. Mesa*, 698 F.3d 1202, 1208–09 (9th Cir. 2012) (explaining that a district court may exercise is discretion to refuse to consider arguments raised for the first time in an objection to a magistrate judge's findings, but only if the court "actually" exercises its discretion and considers all relevant factors).   Here, in its discretion, the Court declines to consider Respondents' argument concerning the burden of proof.

Unlike the objector in *Akhtar*, a "pro se litigant, who [was] illiterate, disabled, and [had] limited English skills," *id.* at 1209, there is no discernable justification for Respondents' failure to address the burden of proof in their response to the Petition. Indeed, Respondents, who are represented by competent Assistant United States Attorneys with expertise in immigration law, have not explained why they waited until their objection to argue that they should not bear the burden of proof, thus depriving the Magistrate Judge the opportunity to consider their argument.  (*See* Doc. 18 at 2–3.) Moreover, Respondents' argument appears to be boilerplate that addresses a separate issue—the burden of proof in bond hearings provided under 8 U.S.C. § 1226—which has little to do with whether they should bear the burden of proof in a bond hearing ordered by a court to ensure due process for an individual in prolonged detention under § 1225(b). For these reasons, the Court declines to consider Respondents' argument and will overrule their second objection.

**III.    CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that the Report & Recommendation (Doc. 17) is **adopted**, and the objections (Doc. 18) **are overruled**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **granted**.

**IT IS FURTHER ORDERED** that within **seven (7) days**, Respondents shall provide Petitioner with a bond hearing before a neutral adjudicator at which the Government must bear the burden of showing by clear and convincing evidence that Petitioner should not be released on bond because she is a flight risk or a danger to the community.

**IT IS FURTHER ORDERED** that Respondents must file a notice of compliance within **three (3) days** of providing Petitioner a bond hearing.

///

///

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this matter.[2]

Dated this 17th day of March, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[2] Because the Petition was filed pursuant to § 2241, no certificate of appealability is necessary. *See Forde v. U.S. Parole Comm'n*, 114 F.3rd 878, 879 (9th Cir. 1997).

- 6 -